UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA ANN BEASLEY,

    Plaintiff,

v.                                      Case No: 2:20-cv-445-JLB-MRM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

# ORDER

Plaintiff Lisa Beasley seeks review of the Commissioner of Social Security's ("Commissioner") final decision denying her claim for a period of disability insurance benefits. (Doc. 1.) The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Commissioner's denial be affirmed. (Doc. 25.) Ms. Beasley timely objected, and the Commissioner responded. (Docs. 27, 28.) After careful review of the parties' arguments and the record on appeal, the Commissioner's decision is **AFFIRMED**.

## STANDARD OF REVIEW

A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

In a Social Security appeal, the Court must determine whether the Administrative Law Judge's ("ALJ") decision is "supported by substantial evidence in the record and is based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the ALJ's. Id. (indirectly quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)). Even when the Court finds that the evidence more likely supports a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence. See Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## DISCUSSION

Ms. Beasley objects to the R&R, asserting that the ALJ erred by: (1) determining she could perform her past relevant work; (2) failing to properly consider her treating physician's opinion; and (3) disregarding the impact of fibromyalgia on her ability to work. (See Doc. 27.) As the Court will explain, these objections are unpersuasive. And to the extent Ms. Beasley notes the ALJ may have incorrectly applied the controlling regulations, the Court agrees with the R&R's conclusion that such error is, at most, harmless. As a result, any remand would be unwarranted.

I. **Substantial evidence supports the ALJ's conclusion that Ms. Beasley can perform her past relevant work**.

Ms. Beasley first argues that the ALJ erred in concluding that she could perform her past relevant work as a receptionist. Specifically, she asserts that the ALJ based his decision on a misunderstanding about her employment history. The R&R, she posits, compounded this error by incorporating and continuing the ALJ's mistaken understanding of her work history.

In a nutshell, Ms. Beasley held two receptionist positions. One was during a "six- to eight-month period in 2012-13" for Dr. Anthony Williamitis. (Doc. 27 at 4.) The other was an assistant/receptionist position at Gina Lacagnina ZenSation Medical Spa ("Zensations") from 2013 to 2015. (Id. at 2.) The position with Dr. Williamitis was limited solely to receptionist duties. (Id. at 3–4 (indirectly referencing Tr. at 115, 118–19).) However, her assistant/receptionist position at Zensations was a composite job involving non-receptionist tasks. (Id. at 3.) It is Ms. Beasley's position that the R&R's "error in conflating this brief work [for Dr. Williamitis] with the composite work performed [at Zensations] led to a mistaken recommendation that Plaintiff could perform the [composite Zensations] work as generally performed in the national economy." (Id. at 4.)

"Past relevant work is work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). Ordinarily, a claimant must show that she cannot perform her "past kind of work, not that [s]he merely [is] unable to perform a specific job [s]he held in the past." Jackson v.

Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986) (holding that although claimant could no longer perform his specific job, he could return to occupation as generally performed (emphasis in original)).  The analysis, however, is different when the claimant's past relevant work was a composite job.  A composite job is one that has "significant elements of two or more occupations and, as such, [has] no counterpart in the DOT."  Smith v. Comm'r of Soc. Sec., 743 F. App'x 951, 954 (11th Cir. 2018) (quoting SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982)).  In determining whether a claimant can still perform a composite job, the "ALJ must consider the particular facts" of how a claimant performed her previous work "as actually performed" instead of how that composite job may generally be performed in the national economy.  See id.

Before turning to the ALJ's decision and the R&R's analysis of that decision, the Court notes that there is much confusion about when Ms. Beasley exactly worked for Dr. Williamitis.  For example, her objection states that she worked for Dr. Williamitis during a six-to-eight-month period between 2012 and 2013.  (Doc. 27 at 4.)  And Ms. Beasley's provided work history reports that she worked for Dr. Williamitis either between October 2012 to June 2013 or January 2012 to June 2013.  (Tr. at 135, 228, 274.)  But her earnings records also reflect that she worked for Dr. Williamitis in 2014.  (Id. at 216.)  And at the administrative hearing, Ms. Beasley's representative testified that she worked for Dr. Williamitis during 2014 as well.  (Id. at 115.)  All that said, nothing in the record reflects that Ms. Beasley

worked for Dr. Williamitis after 2014. Last, nothing contradicts that she worked for Zensations between 2013 and 2015. (See, e.g., id. at 274.)

Turning to the ALJ's decision, he determined that Ms. Beasley could perform her past relevant work as a receptionist as that job was actually performed and as it is generally performed in the national economy. (Tr. at 27.)[1] He did not, however, distinguish between Ms. Beasley's non-composite work with Dr. Williamitis and the composite, assistant/receptionist job she performed at Zensations. Rather, it seems that the ALJ (without expressly stating so) combined the strictly receptionist job for Dr. Williamitis with only the receptionist position of the Zensations job. The Court makes this inference because the ALJ notes Ms. Beasley "last worked as a receptionist in 2014" but, two sentences later, states she "worked as a receptionist from July 2013 until April 2015." (Id.) The ALJ also cited a dollar amount for Ms. Beasley's 2014 earnings that reflect the combined total wages she earned from Dr. Williamitis, Zensations, and one other job. (Id.; see also id. at 215–16.) Unfortunately, the ALJ never refers to a specific receptionist position.

For its part, the R&R seems to assume that the ALJ was only referencing Ms. Beasley's past relevant work "as a receptionist for Dr. Anthony Williamitis from 2013 to 2015." (Doc. 25 at 10.) But it is unclear how the R&R reached this conclusion and, as noted above, the dates simply do not match up because nothing in the record supports Ms. Beasley working for Dr. Williamitis past 2014. Those

---

[1] The ALJ also found Ms. Beasley could perform her past relevant work as a medical secretary. (Tr. at 27.) But that position is beyond the scope of Ms. Beasley's objection, as it focuses only on her receptionist jobs. (See Doc. 27 at 1.)

dates, rather, line up with Ms. Beasley's composite work at Zensations. In any event, relying on Ms. Beasley's testimony, the R&R found that the receptionist position for Dr. Williamitis was not a composite job. (Id. at 10 (referencing Tr. at 97, 115–16, 118–19).) Then, the R&R determined that substantial evidence failed to support the ALJ's conclusion that Ms. Beasley could perform the receptionist job as she <u>actually</u> performed it. (Id. at 13.) The R&R nevertheless found this to be harmless error because it agreed with the ALJ's determination that Ms. Beasley could do the receptionist job as it is <u>generally</u> performed. (Id. at 14.)

And therein lies the flaw to the objection Ms. Beasley raises here. Given the ALJ's less than precise analysis, and the R&R citing employment dates that seemingly correspond with her assistant/receptionist position at Zensations, Ms. Beasley assumes the two confused her composite Zensations job with her non-composite receptionist work for Dr. Williamitis. Of course, a finding that a claimant can perform a <u>composite</u> job as it is <u>generally</u> performed in the national economy is erroneous. <u>See</u> <u>Smith</u>, 743 F. App'x at 954. Yet here, the R&R determined Ms. Beasley could not actually perform her 2013 to 2015 receptionist job but could generally perform that work. So, if Ms. Beasley is correct that the ALJ and the R&R really were analyzing her composite job, then such a conclusion would require remand.

But Ms. Beasley has not shown that to be the situation, and the Court finds substantial evidence supports the ALJ's conclusion that she can perform her past relevant work as a receptionist as it is generally performed in the national economy.

Specifically, Ms. Beasley has not shown that either the ALJ or the R&R were only considering her composite Zensations job. The ALJ noted that Ms. Beasley worked as a receptionist in 2014. (Tr. at 27.) Her representative's testimony reflects that she worked as a receptionist for Dr. Williamitis in 2014. (Id. at 115.) The ALJ also cited Ms. Beasley's combined 2014 wages which included her income from Dr. Williamitis, not just Zensations. (Id. at 27, 215–16.) Moreover, as the R&R correctly points out, at the hearing before the ALJ, the ALJ specifically questioned the vocational expert about Ms. Beasley's 2014 receptionist work (i.e., her job with Dr. Williamitis) but not her work at Zensations. (Id. at 117–19.) Finally, Ms. Beasley's objection that she only worked as a receptionist for Dr. Williamitis across a "six- to eight-month period" is still consistent with the ALJ's finding that she performed her receptionist job long enough to learn how to do it (i.e., three to six months). (Doc. 27 at 4; Tr. at 27.)

At bottom, the ALJ and the R&R could have been clearer in their analyses. "When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand." Denomme v. Comm'r of Soc. Sec., 518 F. App'x 875, 877 (11th Cir. 2013) (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983)). Ms. Beasley's receptionist job for Dr. Williamitis constitutes past relevant work, a proposition that she does not challenge. By her own admission, this is a non-composite job. And ultimately, she has not shown that she is unable

to perform this job as it is generally performed in the national economy. For these reasons, her first objection does not justify remand.

## II. The ALJ did not err in evaluating the opinion of Ms. Beasley's treating physician.

Next, Ms. Beasley argues that the ALJ did not properly weigh the medical opinion of her treating physician, Dr. Donald Baseman. (Doc. 27 at 5–6.) Specifically, she notes Dr. Baseman "opined that Plaintiff is a disabled person with a permanent disability that limits or impairs her ability to walk 200 feet without" resting or helped by a cane or other person. (Id. at 5.) The R&R, agreeing with the Commissioner, stated that "in light of the new regulations, the ALJ was under no obligation to assign a special weight or persuasiveness to any of Plaintiff's treating physicians' opinions." (Doc. 25 at 26.) Ms. Beasley counters that an "ALJ's responsibility to properly weigh a treating physician's opinion was never a creature of regulation" but of Eleventh Circuit caselaw. (Doc. 27 at 5.)

The "treating physician rule" is well established in this Circuit. "The opinion of a treating physician . . . must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir.1997)). Still, there is some question over the continued applicability of this rule because the Social Security Administration revised its regulations over the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017, like Ms. Beasley's. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The R&R and the

Commissioner maintain that the new regulations eliminate the treating physician rule. (Doc. 25 at 26; Doc. 28 at 3–8.) Ms. Beasley contends that "[a]lthough the regulations have now changed, the judicially created requirement still applies." (Doc. 27 at 6.)

The district courts within the Eleventh Circuit are divided over the issue of whether an ALJ must still show "good cause" for discrediting the opinion of a claimant's treating physician. See Bevis v. Comm'r of Soc. Sec., No. 6:20-cv-579-LRH, 2021 WL 3418815, at *5 (M.D. Fla. Aug. 5, 2021) (collecting cases). The Eleventh Circuit has not yet resolved this potential conflict. See Simon v. Comm'r of Soc. Sec., 7 F.4th 1094, 1104 n.4 (Aug. 12, 2021) ("[W]e need not and do not consider how the new regulation bears upon our precedents requiring an ALJ to give substantial or considerable weight to a treating physician's opinions absent good cause to do otherwise.")[2] But the Court also need not read the tea leaves today.

---

[2] The Supreme Court has explained "that a precedent holding a statute to be unambiguous forecloses a contrary agency construction." Nat'l Cable & Telecoms. Ass'n v. Brand X Internet Servs., 545 U.S. 967, 984 (2005) (discussing Neal v. United States, 516 U.S. 284, 290–295 (1996)). Otherwise, "the agency may . . . choose a different construction, since the agency remains the authoritative interpreter (within the limits of reason) of such statutes." Id. at 983. Absent such a holding, an agency's new interpretation—and subsequent regulation—does not "reverse" precedent "any more than a federal court's interpretation of a State's law can be said to have been 'reversed' by a state court that adopts a conflicting (yet authoritative) interpretation of state law." Id. at 983–84; accord Douglas v. Saul, No. 4:20-cv-822-CLM, 2021 WL 2188198, at *4 (N.D. Ala. May 28, 2021) (discussing treating physician rule and applicable statutes from which Commissioner's regulations flow). Ms. Beasley raises no argument on this issue and merely concludes that the treating physician rule still applies.

This is because Ms. Beasley's objection fails under either standard. First, she raises no challenge to the ALJ's application of the new regulations to Dr. Baseman's opinion. (See Doc. 27 at 5–6.) Second, assuming the treating physician rule still applies, the ALJ showed good cause for discrediting Dr. Baseman's opinion. Good cause exists when the: (1) "treating physician's opinion was not bolstered by the evidence"; (2) "evidence supported a contrary finding"; or (3) "treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips, 357 F.3d at 1241 (citing Lewis, 125 F.3d at 1440).

Here, the only "opinion" of Dr. Baseman which Ms. Beasley identifies in her objection is a "Florida Department of Highway Safety and Motor Vehicles Application for Disabled Person Parking Permit." (Doc. 27 at 5 (citing Tr. at 730).) Rather than an examination accompanied by treatment notes, Dr. Baseman merely checked the appropriate boxes stating that Ms. Beasley has trouble walking 200 feet without assistance or a cane. (See Tr. at 730.) The ALJ found these representations of permanent disability and functional limitations "not that persuasive as [they are] inconsistent with the record as a whole." (Tr. at 26.)[3]

The R&R correctly notes that the ALJ relied on substantial evidence within the record in concluding Dr. Baseman's opinion was "unsupported by Dr. Baseman's

---

[3] Again, the parking permit application is the only portion of the Transcript Ms. Beasley cites in her objection as evidence of Dr. Baseman's opinion. (Doc. 27 at 5.) The Court is not persuaded that an application, alone, would be grounds for reversible error. See, e.g., Gjertsen v. Comm'r of Soc. Sec., No. 2:17-cv-48-FtM-CM, 2018 WL 1313118, at *4 (M.D. Fla. Mar. 14, 2018) (treating physician's parking permit application did not constitute substantial evidence given that a different agency's determination is not binding on the SSA).

prior treatment notes and inconsistent with the other evidence of record." (Doc. 25 at 25 (citing Tr. at 25–26, 374, 719–22, 745, 807).) For instance, Dr. Baseman signed the application on May 10, 2018. (Tr. at 730.) But on June 24, 2019, Dr. Debra Roggow, DO completed a Medical Source Statement in which she checked a box stating that Ms. Beasley did not "need a cane or other assistive device to ambulate." (Id. at 896.) This is but one discrepancy in the Transcript that cuts against Dr. Baseman's opinion.

Moreover, Ms. Beasley's past relevant work as a receptionist is "[s]edentary work involv[ing] sitting most of the time, but may involve walking or standing for brief periods of time." DOT # 237.367-038 Receptionist, 1991 WL 672192 (1991). True, Ms. Beasley testified at her hearing that she "cannot walk far." (Tr. at 104.) But she can "walk around the house" and she managed to "walk from the parking lot to" the hearing, albeit with difficulty. (Id. at 107.) Thus, even accepting as true Dr. Baseman's representation on the disabled parking permit application that Ms. Beasley cannot walk more than 200 feet without assistance, she has not shown that this disability precludes work as a receptionist. Cf. 20 C.F.R. § 404.1545(a)(1) (noting that an RFC is "the most [a claimant] can still do despite [her] limitations" (emphasis added).)

For these reasons, Ms. Beasley's second objection does not warrant reversal.

### III. The ALJ properly considered Ms. Beasley's fibromyalgia.

Lastly, Ms. Beasley argues that the ALJ erred in failing to fully consider her fibromyalgia's impact on her ability to work. Although she notes that "the ALJ

properly recognized Plaintiff's fibromyalgia as severe," Ms. Beasley argues that "he failed to consider the impact of this impairment on Plaintiff's ability to work."  (Doc. 27 at 7.)  Given the unique issues fibromyalgia introduces to a disability determination, she posits the ALJ should have (but did not) consider the entire record in a "longitudinal" manner.  (Id.)[4]

Simply put, Ms. Beasley's argument is unpersuasive and is contrary to the ALJ's analysis.  To be fair, as the R&R points out, the ALJ seemed to make conflicting findings that Ms. Beasley's fibromyalgia significantly limits her ability to work but that she does not meet the requirements for a fibromyalgia diagnosis.  (Doc. 25 at 39 (citing Tr. at 14, 17).)  All the same, the Court agrees with the R&R that "[n]evertheless, the ALJ evaluated the limitations caused by Plaintiff's fibromyalgia impairment" by conducting "a thorough review of the medical records and notes regarding Plaintiff's fibromyalgia."  (Id. at 39, 41.)  The Court need not set forth every example, and it suffices to say, "the evidence shows that the ALJ properly assessed Plaintiff's fibromyalgia by considering the entire longitudinal record."  (Id. at 43 (citing Tr. at 18–23).)  As a result, the R&R did not err by distinguishing the fibromyalgia-based caselaw provided by Ms. Beasley because the

---

[4] The Eleventh Circuit has noted that fibromyalgia "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms" and that a "hallmark" of the disease is therefore "a lack of objective evidence."  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).  Ms. Beasley discusses a few unpublished Eleventh Circuit opinions that reaffirm this notion and stand for the general principle that a lack of objective findings may not constitute substantial evidence in discrediting a claimant's subjective testimony about the limiting effects of her fibromyalgia.  (See Doc. 27 at 7–10.)  But she does little to apply those cases to her instant objection.

ALJ relied on "multiple different factors to determine that Plaintiff could perform sedentary work," not just a lack of objective evidence.   (Id. at 44.)   Thus, Ms. Beasley's third objection, like her prior two, does not warrant remand.

Accordingly, it is **ORDERED**:

1. Ms. Beasley's objections to the Magistrate Judge's R&R (Doc. 27) are **OVERRULED**.

2. The R&R (Doc. 25) is **ADOPTED in part** and made part of this Order to the extent it is consistent with the same.   The R&R is **REJECTED in part** to the extent it expressly conflicts with this Order.

3. The final decision of the Commissioner is **AFFIRMED**.

4. The Clerk is **DIRECTED** to terminate any pending deadlines and close the file.

**ORDERED** at Fort Myers, Florida, on September 7, 2021

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE